**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| ORTHODOX CHURCH IN AMERICA, et al., <br><br>　　　　　　　　*Plaintiffs,*<br><br>　v.<br><br>ROBERT FERGUSON, *et al.,*<br><br>　　　　　　　　*Defendants.* | Civil Case No.: 2:25-cv-00209-RLP <br><br> DECLARATION OF ERIC KNIFFIN IN SUPPORT OF PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR PRELIMINARY INJUNCTION |

I, Eric Kniffin, hereby state and declare as follows:

1. I am an attorney at Kniffin Law PLLC and counsel to Plaintiffs in the above-captioned matter.

2. I am above the age of eighteen and competent to make this declaration.

3. I make this declaration based on personal knowledge about which I am competent to testify. If called to testify, I could and would testify competently to these facts.

4. Exhibit L is a true, accurate, and complete copy of the article Alex Didion et al., *DOJ sues Washington state over "anti-Catholic" legislation*, King5 (June 23, 2025), https://www.king5.com/article/news/politics/doj-files-lawsuit-washington-state-mandatory-clergy-reporting/281-a44ca8a4-0ec1-4cf0-97dc-34796df9debc.

5. Exhibit M is a true, accurate, and complete copy of the article Jerry Cornfield, *New law requires clergy in Washington to report child abuse*,

Kniffin Declaration - 1

Washington State Standard (May 2, 2025), https://washingtonstatestandard.com/2025/05/02/new-law-requires-clergy-in-washington-to-report-child-abuse/.

6. Exhibit N is a true, accurate, and complete copy of the roll call votes on SB 5375 and HB 1171 taken from the Washington State Legislature's official website, https://app.leg.wa.gov/billsummary/?BillNumber=5375&Year=2025&Initiative=false and https://app.leg.wa.gov/billsummary?BillNumber=1171&Initiative=false.

7. Exhibit O is a true, accurate, and complete copy of Amendment 5375 AMS CHRI S1972.3, also designated Amendment 71, taken from the Washington State Legislature's official website, https://lawfilesext.leg.wa.gov/biennium/2025-26/Pdf/Amendments/Senate/5375%20AMS%20CHRI%20S1972.3.pdf. This proposed amendment to SB 5375 was rejected by the Washington Legislature.

8. Exhibit P is a true, accurate, and complete copy of Amendment 5375 AMS WARN S1968.4, also designated Amendment 72, taken from the Washington State Legislature's official website, https://lawfilesext.leg.wa.gov/biennium/2025-26/Pdf/Amendments/Senate/5375%20AMS%20WARN%20S1968.4.pdf. This proposed amendment to SB 5375 was rejected by the Washington Legislature.

9. A true and accurate recording of the February 14, 2025, Washington House Early Learning and Human Services Committee hearing on HB 1171 can be found here: https://tvw.org/video/house-early-learning-human-services-2025021250/?eventID=2025021250. The hearing starts at approximately 15:30 in the recording. This is the same recording referenced at paragraph 16 in my Declaration in Support of Plaintiffs' Motion for Preliminary Injunction (Doc. 27). Starting at 18:44 in the recording, HB 1171's co-sponsor Representative Roger Goodman says the Legislature should expand the attorney-client privilege to address "situations that have arisen where an attorney representing a client learns of possible child abuse or neglect."

10. A true and accurate recording of the February 28, 2025, Washington Senate floor debate on SB 5375 can be found here: https://tvw.org/video/senate-floor-debate-february-28-2025021484/?eventID=2025021484. The relevant portion of the debate starts at approximately 1:13:10 in the recording. This is the same recording referenced at paragraph 24 in my Declaration (Doc. 27). Starting at 1:19:26 in the recording, Sen. Frame claims that Amendment 72, which matches the sexual assault advocate privilege in RCW §§ 26.44.030 and 5.60.060(7)(b), would create a "loophole even broader" than Amendment 71, which matches the attorney-client privilege found in Washington RPC 1.6(b), which she likewise opposed.

11. A true and accurate recording of the March 17, 2025, Washington Senate Human Services Committee hearing on HB 1171 can be found here: https://tvw.org/video/senate-human-services-2025031343/?eventID=2025031343.

Kniffin Declaration - 3

The relevant portion of the hearing starts at approximately 6:50 in the recording. This is the same recording referenced at paragraph 18 in my Declaration (Doc. 27). Starting at 42:43 in the recording, Paul Holland, the law professor supervising Seattle University's law clinics, including its Youth Advocacy Clinic, which represents "individuals seeking relief from the obligation to register as juvenile sex offenders," claims that the "dilemma" between the attorney-client privilege and mandatory reporting duties had "forced [him] to alter [his] case selection." *See* Seattle University School of Law, *Paul Holland*, https://law.seattleu.edu/faculty/directory/profiles/holland-paul.html; Seattle University School of Law, *Course Catalog: Youth Advocacy Clinic*, https://law.seattleu.edu/academics/degree-programs/jd/curriculum/upper-level-course-descriptions/#d.en.2245393. Starting at 16:39 in the recording, Senator Leonard Christian asks HB 1171's lead sponsor Representative Gerry Pollett "why is it ok for these attorney-students to be … an exclusion but yet clergy not an exclusion." Rep. Pollett responds that it is "based on your conscience and policies." Rep. Pollett says that HB 1171 is necessary because "if an employee [in higher education] learns of abuse outside of the privileged relationship, they are mandatory reporters. And that's, I think, very, very important in terms of this policy. So if a faculty member hears of abuse, even if it relates to a client, but it's outside of the work product or outside of the direct privilege communication, they are mandatory reporters…. So this is narrow…. Without it, our prosecutors' offices, the

1  victim rights advocate offices, and public defenders are saying, 'We cannot utilize
2  the law school clinics and that will greatly add to our burden of representation.'"
3     12.   A true and accurate recording of the April 14, 2025, Washington Senate
4  floor debate on HB 1171 can be found here: https://tvw.org/video/senate-floor-
5  debate-april-14-2025041240/?eventID=2025041240. The relevant portion of the
6  debate begins at approximately 1:49:00 in the recording. Starting at 1:51:30 in the
7  recording, Senator Claire Wilson claims that HB 1171 provides a "narrow
8  exemption" to the mandatory reporting law to "maintain attorney-client privilege
9  to the attorney and the individual that may be working under a supervisor."
10 Starting at 1:52:35 in the recording, Senator Leonard Christian compares HB 1171
11 to SB 5375. He says, "[E]arlier this year, we were talking about how we had to
12 have clergy report because it was so important that the children be protected that
13 we had to run that way. But now we're doing the opposite. We're trying to exempt
14 somebody from having to report …. If we're going to be targeting one group of
15 people who work in that realm and another … different standard for somebody
16 else, that is not fair justice, and it certainly isn't putting the children in this state
17 first." Starting at 1:54:19 in the recording, Senator Judy Warnick says, "The term
18 mandatory reporter caught me because of the same argument that was made earlier.
19 We have mandatory reporters now for clergy who hear a confession. And this
20 caught my eye because it was younger attorneys being trained, and in the same
21 situation as possibly a clergy…."
22    13.   Defendants' Exhibit from the United States Department of Health and
23 Human Services shows that in Washington State in 2023 there were 74,965 reports

of child abuse and neglect "screened out" from any investigation because they didn't trigger the child abuse or neglect law compared to 60,445 reports "screened in" because of potential child abuse or neglect. Paradis Decl. Ex. 6, Doc. 148-6 at 31, 52–53. Of those "screened in" reports, only 3,872 were substantiated, giving a rate of approximately 2.9% (3,872/(74,965+60,445)*100)). *Id.* In 2023, Washington State documented 67 "[i]ntentionally [f]alse" reports alleging child abuse or neglect. *Id.* at 52.

**DECLARATION UNDER PENALTY OF PERJURY**

I, Eric Kniffin, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 18th day of July, 2025, at Colorado Springs, Colorado.

_____
Eric Kniffin